UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALFRED J. WAGNER,

    Petitioner,

-vs-                                      Case No. 6:10-cv-1914-Orl-28DAB

SECRETARY, FLORIDA DEPARTMENT OF
  CHILDREN AND FAMILIES,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 11) to the petition for writ of habeas corpus. Petitioner filed a reply to the response (Doc. No. 15).

### I.   *Procedural History*

Petitioner was charged by amended information with one count of showing obscene material to a minor (count one) and one count of lewd and lascivious act in the presence of a child (count two). Petitioner entered pleas of nolo contendere to the charges, and, on May 8, 1997, the trial court adjudicated him guilty of the crimes and sentenced him to imprisonment for a term of seven years as to count one. The imposition of sentence was

withheld as to count two, and Petitioner was placed on probation for a term of five years, with the probation to run consecutively to the sentence in count one. It does not appear that Petitioner filed a direct appeal.

On December 2, 1999, Petitioner filed motion to clarify and define sentence pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court,[1] which was granted by order dated January 6, 2000. In particular, the trial court found that, pursuant to the verbal sentence, Petitioner should have been sentenced to imprisonment for a term of seven years as to count two and placed on probation for a term of five years as to count one, with the probation to run consecutively to the sentence of imprisonment. As a result, the trial court's order corrected the record to comply with the verbal sentence.

On June 26, 2000, Petitioner filed a second Rule 3.800 motion, which resulted in Petitioner being resentenced. In particular, on August 28, 2000, Petitioner was resentenced to imprisonment for a term of 31.87 months as to count one, followed by probation for a period of two years. The sentence in count two was withheld, and he was placed on probation for a term of fifteen years, with the probation in count two to run consecutively to the sentence in count one. The state appellate court affirmed the trial court's

---

[1] Although the motion was actually filed with the state appellate court on December 6, 1999, under the "mailbox rule," the motion would be deemed filed on December 2, 1999, the date when the motion was signed and presumably submitted to the prison authorities for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

resentencing *per curiam* on May 22, 2001. Mandate was issued on June 8, 2001.

On October 7, 2009, Petitioner, through counsel, filed a third Rule 3.800 motion with the state trial court, which was denied. The state appellate court affirmed the denial *per curiam* on August 10, 2010. Mandate was issued on November 4, 2010.

## II.    Petitioner's Habeas Petition is Untimely

### A.    Legal Standard

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.  *Discussion of Petitioner's Case*

In *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), the Eleventh Circuit Court of Appeals held that the statute of limitations for a habeas application that contains claims challenging the resentencing judgment as well as claims challenging the original judgment of conviction begins to run on the date the resentencing judgment became final and not on the date the original judgment became final. *Id.* at 1246. Here, Petitioner's claims challenged his resentencing, and, as discussed above, he was resentenced on August 28, 2000. The state appellate court affirmed the resentencing on May 22, 2001, and, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on August 20, 2001, which was ninety days after entry of the appellate court's order affirming *per curiam. See* Sup. Ct. R. 13(3).[2] Petitioner then had until August 20, 2002, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on December 15, 2010.

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. However, Petitioner's third Rule 3.800 motion was filed after the one-year period had expired, and, therefore, did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Alfred J. Wagner is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 6 day of September, 2011.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 9/6
Counsel of Record
Alfred J. Wagner